The opinion of the Court was delivered by
Tilghman C. J.
Concerning the right to abandon in this case, there is now no question; nor is there any question concerning the outward cargo. The only dispute respects the brig. The defendants contend, that although the abandonment was lawfully made, yet the plaintiff, by his subsequent conduct, waved the right of resorting to the defendants for a total loss. The Judge who tried the cause, submitted this point to the jury, with such remarks, both as to law and fact, as in his opinion the case required. But the counsel for the defendants consider the waver of the abandonment as matter of law, on which the charge of the Court ought to have been in their favour. No question on a waver of abandonment has hitherto occurred in this Court, but that subject has been brought several times before the Supreme Court of New Tork, and treated as matter of law. In my opinion, it may be proper to submit a question of this kind to the jury, or not, according to circumstances. A case may be attended with such prominent and decisive facts, as may warrant the Court in taking it from the jury. In the New York cases of Saidler v. Craig, &c. and Ogden v. The Fire Insurance Company, the insured, after making an abandonment, which was refused by the underwriters, acted in such a manner as was inconsistent with the idea of property, in any other than themselves. They sold the ship, bought her in (by their agents) for their own use, and sent her out on d new voyage. The Court, therefore, might be justified in saying, that they had precluded themselves from claiming for a total loss. But there may be cases where the facts are numerous, and not clearly ascertained;, and the question, whether the abandonment has been waved, may be so made up of law and fact, as 'to render it improper for the Court to pursue any other course than to leave it to the jury, with such remarks as are called for by the occasion. In our land trials, it has frequently *116 been a question, whether a warrant has been abandoned by the person who took it out of the land office. It has usually been submitted to the jury, who draw their conclusion from the warrantee’s whole conduct. But it sometimes happens, that there are circumstances so strong as to induce the Court to consider and decide the relinquishment of the warrant as matter of law. It appears to me, that this waver of aban~ donment should be treated in the same manner, and therefore the question in the present case will be, whether the jury were so clearly wrong, as to render it proper to set aside their verdict. It will be seen at the first glance, that this case is widely different from those decided in New Tork. For here, the vessel was not sold ; neither was the. voyage altered, except in the circumstance of going from St. Jago to Trinidad, instead of proceeding straight from St. Jago to Philadelphia. And on her arrival at Philadelphia, the vessel was immediately offered to the defendants. When the insurers refuse to accept an abandonment, the insured is left in a difficult situation. Whether there exists a right to abandon, is often an intricate question. The insured, therefore, both for his own sake and for the sake of the insured, (for whom he is considered as an agent, should it turn out that the abandonment was legal,) should employ the ship to the best advantage, and not suffer her to go to destruction in a foreign port. With a little frankness and courtesy on both sides, an arrangement might easily be made, by which the ship might be employed, without prejudice to the rights of either. This was done in the present instance, as to the home insurance; but in all other respects, there was too much reserve. V/hat weighs much, however, with me, in favour of the verdict is, that the evidence throws no suspicion of unfair dealing, on the plaintiff; nor does it appear, that he ever had an actual intent to relinquish his abandonment. Neither have the defendants suffered by the plaintiff’s conduct; for, it has not been shewn that he could have acted more for their benefit. He varied the voyage a little, by going to Trinidad, a port lying on the same side of the island as St. Jago, and not far distant; and by this variation he procured for the defendants a freight home. I cannot consider this as so entirely a new voyage, as to estop the plaintiff from adhering to his claim for a total loss. I can perceive no injustice done to the defendants by the verdict, *117 and therefore, without laying down any general rule for deciding what shall be a waver of an abandonment, I am of opinion, the jury might justly find, that there was no waver in the present instance. There were some minor objections to the verdict; that the premium of the home insurance, or at least part of it, was improperly charged to the defendants, and also, that they were unjustly charged with seamen’s wages, and provisions, &c. But it does not appear to the Court, to be sufficiently ascertained in what manner the verdict was made up, to warrant their setting it aside, for these objections. The motion for a new trial is, therefore, rejected.
Motion for a new trial rejected.